UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Violet T. Mazyck, ) | |
| ) | C/A No. 6:05-3319-GRA-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | Written Opinion |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., and issued on November 22, 2006. Plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner. The Commissioner denied Plaintiff's claims for disability insurance benefits and supplemental security income benefits. The magistrate recommends reversing the decision of the Commissioner and remanding the action for further proceedings.

I) BACKGROUND

Plaintiff filed an application for disability insurance benefits on July 7, 2003. The Commissioner denied Plaintiff's application originally and on reconsideration. Plaintiff requested a hearing, which was held on December 28, 2004. Following the hearing, at which Plaintiff and her attorney appeared, the administrative law judge

1

("ALJ") issued an opinion on July 12, 2005, determining that Plaintiff was not under a disability and denying Plaintiff's claims. On October 19, 2005, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's opinion the final decision of the Commissioner. Plaintiff filed this civil action for judicial review on November 30, 2005.

## II) STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. Defendant filed objections to the magistrate's Report and Recommendation on December 7, 2006.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas*

*v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III) DISCUSSION

Defendant Commissioner raises several objections to the magistrate's Report and Recommendation. The defendant's main objection is that the Administrative Law Judge's (ALJ) decision was supported by a lack of objective medical evidence.

3

Defendant alleges that the ALJ recognized Plaintiff suffered from severe left knee degenerative joint disease and obesity, but argues that the presence of an impairment is not disabling per se. However, this Court agrees with the magistrate that the first step of *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996), is satisfied here. The plaintiff has adequately demonstrated through substantial medical evidence the existence of an impairment. The defendant is correct in asserting that the presence of an impairment is not disabling per se, but that is not the test set forth in *Craig*. Once an impairment is established, the second step in determining whether a person is disabled by pain or other symptoms involves evaluating the intensity and persistence of the claimant's pain as well as the extent to which it affects her ability to work. *Craig,* 76 F.3d at 595. The ALJ did not adequately evaluate Plaintiff's pain in accordance with this second step. Therefore, this Court agrees with the magistrate that the case should be remanded to the ALJ for an evaluation of the plaintiff according to this second step.

The defendant next objects on the grounds that inconsistencies in the plaintiff's testimony reduced Plaintiff's credibility as a witness and claimant. The defendant heavily relies on Plaintiff's failure to obtain prescription medications and follow prescribed treatment regimens in making this objection. The defendant argues that the "ALJ is not precluded from considering whether the claimant complied with [her] prescribed treatment." Objections, p. 5 (citing Holley v. Massanari, 253 F.3d 1088, 1092 (8th Cir. 2001)). Though failure to comply with prescribed treatment can be

considered, it is not alone determinative especially when a claimant's failure to obtain medications may be related to her inability to afford such medications. "[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7 p. It does not appear from the record that the ALJ considered any explanation from the claimant as to why she allegedly failed to take her prescribed medications or follow her doctor's recommendations as to treatment. "If noncompliance is ultimately to be found the basis for denying benefits, it must be found on the basis of a more particularized inquiry than that made here." *Preston v. Hecker*, 769 F.2d 988, 990 (4th Cir. 1985). The ALJ did not conduct such a "particularized inquiry" here or prove that the plaintiff lacked good cause for failing to comply with her prescribed treatment. Therefore, this objection is without merit.

Finally, the defendant asserts that "[i]t is not necessary to remand the case . . . for the purpose of a vocational expert's opinion, as recommended by the Magistrate Judge." Objections, p. 6. This Court is of the opinion that the testimony of a vocational expert in this case is extremely necessary, and the ALJ erred in failing to consult one. "When a claimant suffers from a non-exertional impairment such as pain, it is imperative that testimony from a vocational expert be obtained in order to determine whether there are jobs in the national economy which the claimant is

capable of performing." *Russell v. Sullivan*, 914 F.2d 1492, 1990 U.S. App. LEXIS 16871 (4th Cir. 1990).  Testimony of a vocational expert is "normally *required*" when a non-exertional impairment exists.  *Hooper v. Heckler*, 752 F.2d 83, 88 (4th Cir. 1985) (emphasis added).  Thus, this case should be remanded to the ALJ to obtain testimony from a vocational expert.

## IV) CONCLUSION

After a review of the magistrate's Report and Recommendation, the objections filed by Defendant, and the facts and record of this case, this Court finds the Report and Recommendation is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the decision of the Commissioner be REVERSED with a REMAND of the cause to the Commissioner for further proceedings as outlined in the Report and Recommendation and this Order.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 7, 2007

Anderson, South Carolina